IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

COLON H. RUSSELL,
    Petitioner,

vs.                                      Case No.: 1:17cv233/MW/EMT

JULIE JONES,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as untimely, with portions of the state court record (ECF No. 20). Petitioner responded in opposition to the motion (ECF No. 23).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of the issues presented in Respondent's dispositive motion, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted.

I.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged in the Circuit Court in and for Lafayette County, Florida, Case No. 1974-CF-7, with one count of first degree murder (ECF No. 20, Ex. A at 9).[1] On August 11, 1974, a jury returned a verdict of guilty as charged (*id.* at 79). On August 22, 1974, the court adjudicated Petitioner guilty and sentenced him to imprisonment for his natural life (*id.* at 98). Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. X-226 (*see* Ex. A at 104). The First DCA affirmed the judgment per curiam without written opinion on January 30, 1976, with the mandate issuing February 18, 1976 (Exs. B, C). Russell v. State, 326 So. 2d 276 (Fla. 1st DCA 1976) (Mem).

On March 10, 1977, the Florida Supreme Court denied a habeas petition filed by Petitioner in Case No. 51,196 (Ex. D). A copy of the habeas petition is not part of the record.

In 1977, Petitioner filed a habeas petition in this federal court, Case No. TCA 77-0802 (*see* Ex. E). On June 30, 1977, United States District Judge Stafford

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 20) unless otherwise indicated. Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number. Citations to the parties' pleadings refer to the page numbers automatically assigned by the court's electronic filing system.

apparently denied relief, as is evident from his order, dated July 29, 1977, denying Petitioner's motion for rehearing (*see id.*).[2]

On or about December 23, 1986, Petitioner filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. F). The circuit court summarily denied the Rule 3.850 motion on February 18, 1987 (Ex. H). Petitioner appealed the decision to the First DCA, Case No. BS-329 (Ex. I). On March 11, 1988, the First DCA reversed and remanded to the lower court to conduct an evidentiary hearing on four of Petitioner's claims (*id.*). Russell v. State, 521 So. 2d 379 (Fla. 1st DCA 1988). On remand, the circuit court denied Petitioner's Rule 3.850 motion in an order rendered July 12, 1989 (Ex. K). Petitioner appealed the decision to the First DCA, Case No. D89-2006 (Exs. L, M). On July 2, 1990, the First DCA affirmed the decision without written opinion (*see* Ex. M). Russell v. State, 564 So. 2d 1091 (Fla. 1st DCA 1990) (Table). The mandate issued July 20, 1990 (*see id.*).

---

[2] The order of July 29, 1977, is the only document which the State and this court were able to locate in Petitioner's first federal habeas case. Notably, Petitioner was untruthful in his instant federal petition when he indicated he had not previously filed "any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition" (ECF No. 1 at 12). Without more than a copy of the July 29, 1977 order, however, the undersigned is not satisfied there is a sufficient basis to dismiss the instant petition as successive, pursuant to 28 U.S.C. § 2244.

On or about June 18, 2007, Petitioner filed a letter in the Florida Supreme Court, which the court construed as a petition for writ of mandamus and assigned Case No. SC07-1220. The Florida Supreme Court denied the petition on August 30, 2007. Russell v. Lyons, 966 So. 2d 968 (Fla. 2007) (Table).

On September 10, 2012, Petitioner filed another Rule 3.850 motion in the state circuit court (Ex. P at 1–14). The circuit court denied the motion as untimely and "as an improper avenue of relief" (*id.* at 16–17). Petitioner appealed the decision to the First DCA, Case No. 1D12-5867 (Ex. P at 18). On March 20, 2013, the First DCA affirmed the decision without written opinion (Ex. Q). Russell v. State, 109 So. 3d 788 (Fla. 1st DCA 2013) (Table). The mandate issued April 16, 2013 (Ex. R).

On September 6, 2013, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D13-4360 (Ex. S at 1–50). On October 8, 2014, the First DCA dismissed the petition pursuant to Baker v. State, 878 So. 2d 1236 (Fla. 2004) (Ex. V). Russell v. State, 148 So. 3d 523 (Fla. 1st DCA 2014) (Mem).

On July 10, 2015, Petitioner filed another Rule 3.850 motion in the state circuit court (Ex. W at 1–14). On September 18, 2015, the circuit court denied the motion as untimely (*id.* at 16–17). Petitioner appealed the decision to the First DCA, Case No. 1D15-4411 (*id.* at 35). On January 6, 2016, the First DCA affirmed the decision

without written opinion (Ex. X). Russell v. State, 182 So. 3d 644 (Fla. 1st DCA 2016) (Table). The mandate issued February 2, 2016 (Ex. Y).

On April 26, 2016, Petitioner filed another Rule 3.850 motion in the state circuit court (Ex. Z at 1–16). On June 20, 2016, the circuit court denied the motion as untimely (*id.* at 17–18). Petitioner appealed the decision to the First DCA, Case No. 1D16-2955 (*id.* at 19). On January 25, 2017, the First DCA affirmed the decision (Ex. AA). Russell v. State, 222 So. 3d 1211 (Fla. 1st DCA 2017) (Table). The mandate issued February 21, 2017 (Ex. BB).

Petitioner filed the instant § 2254 petition on September 18, 2017 (ECF No. 1).

II. ANALYSIS

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). For prisoners whose convictions became final prior to enactment of the § 2244(d), federal courts have created a 1-year grace period, running form the date of the date of enactment, April 24, 1996. *See* Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998). For prisoners whose convictions became final April 24, 1996, the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period. *See* 28 U.S.C. § 2244(d)(2).

Respondent contends the federal limitations for Petitioner's § 2254 petition commenced on April 24, 1996, the effective date of section 2244(d)(1), and expired one year later, on April 24, 1997, unless a properly filed state post-conviction application was pending during that time (*see* ECF No. 20 at 7–8).

Petitioner argues he could not have discovered the factual predicate of one of his claims prior to April 24, 1997, specifically, his claim of ineffective assistance of trial counsel ("IATC") based upon counsel's alleged failure to inform him of a 40-year plea offer (*see* ECF No. 1 at 5; ECF No. 23 at 1–2). Petitioner thus argues the

statutory trigger set forth in § 2244(d)(1)(D) applies (ECF No. 1 at 14). Petitioner alleges he learned of the alleged 40-year plea offer "years later" from family members (*see* ECF No. 1 at 19; ECF No. 23 at 2).

Petitioner does not specify when he learned of the alleged plea offer. Significantly, he has not alleged or demonstrated that he learned of the offer <u>after</u> April 24, 1996. Further, Petitioner has not alleged any facts suggesting he could not have discovered the alleged plea offer from his family, or through other means, through the exercise of due diligence during the <u>20 years</u> that passed between the finality date of his conviction and the effective date of the federal limitations period. Petitioner thus failed to satisfy his burden of demonstrating that § 2244(d)(1) applies.

Using April 24, 1996, as the trigger date for the one-year limitations period, Petitioner had one year from April 24, 1996, or until April 24, 1997, to file his § 2254 petition. Petitioner did not have any applications for state post-conviction relief pending during that one-year period. Therefore, his § 2254 petition, filed on September 18, 2017, is untimely.[3]

---

[3] Even if the court assumed that Petitioner could not have discovered the fact of the 40-year plea offer prior to September 10, 2012, the date he asserted the plea-based IATC claim for the first time in the state courts (*see* ECF No. 21, Ex. P at 3–5), Petitioner's § 2254 petition would still be untimely. The federal limitations period would have commenced on September 11, 2012. It arguably would have been tolled until October 8, 2014, pursuant to § 2244(d)(2), and restarted on October 9, 2014. But the limitations period would have expired one year later, on October 9, 2015. Although Petitioner had two Rule 3.850 motions pending from July 10, 2015 to February 2, 2016,

Petitioner contends he is entitled to review of his federal habeas claims, because the errors asserted therein are federal and constitutional in nature, and the errors demonstrate that his conviction is a "manifest injustice" (ECF No. 1 at 13; ECF No. 23 at 2–3). But simply because the errors asserted in a § 2254 petition are federal or constitutional in nature does not automatically exempt them from the federal time bar. If that were so, all untimely federal habeas claims would be subject to review, because only federal constitutional claims are cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a).

Furthermore, although there is a "fundamental miscarriage of justice" exception to the time bar, Petitioner has not demonstrated he qualifies for review under this exception. In McQuiggin v. Perkins, — U.S. —, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that there is an "equitable exception" to the statute of limitations set forth in § 2244(d), but only when the petitioner presents new evidence that shows it is more likely than not that no reasonable juror would have convicted him. 133 S. Ct. at 1928, 1931, 1933. The Court cautioned that "tenable

---

and from April 26, 2016 to February 21, 2017, those motions would not have tolled the limitations period, because the state courts dismissed them as untimely, thus they were not "properly filed" for purposes of § 2244(d)(2). *See* Allen v. Siebert, 552 U.S. 3, 7, 128 S. Ct. 2, 169 L. Ed. 2d 329 (2007) (state time limits, no matter their form, are filing conditions, and thus, state post-conviction relief petition is not "properly filed" within meaning of tolling provision of AEDPA's imitations period for federal habeas petitions, if it was rejected by state court as untimely); Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1316 (11th Cir. 2006).

Case No.: 1:17cv233/MW/EMT

actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) and citing House v. Bell, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)).

> The Supreme Court stated in Schlup:
>
> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

513 U.S. at 327. The Supreme Court has explained that "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998).

Here, one of Petitioner's claims is that defense counsel failed to investigate and present testimony from Charles Waymon McCray (ECF No. 1 at 7). Petitioner alleges McCray's testimony would have proven Petitioner's self-defense theory (*id.*). Petitioner alleges Mr. McCray would have testified as follows:

> [T]his witness would have . . . testify [sic] to the facts that he know [sic] the sound of different gun's [sic] and on the night or evening that Dan Crowder got shot and died, [t]here was two [sic] different gun's [sic] fired. The first gun that was fired belonged to Dan Crowder which was a pistol and the second gun that he heard was a 243 rifle that belonged to Colon H. Russell and Mr. McCray figure [sic] that someone was hunting in the woods.

(ECF No. 1 at 21). Petitioner did not proffer any evidence to this federal court that Mr. McCray would have testified as Petitioner describes, but the state court record includes an affidavit of Mr. McCray submitted in support of one of Petitioner's Rule 3.850 motions. The affidavit, sworn on August 21, 1991, states:

> To whom it may concern:
>
> The evening that Dan Crowder was killed, I got home from my mama's at 8:25 p.m. Todd wanted to watch the six million dollor [sic] man program on tv witch [sic] started at 8:30 p.m. fridays [sic]. both boys went inside the house my wife was at the Putnals, Charles was Dead.
>
> I put the horse in the pen for the night, killed flies on him, got him a bucket of water and stood by the fence a few minutes looking at the cows bunching up for the night. There was two gun shots simular [sic] to shot guns. A moment pause, then a sound squel [sic] or yelp. I thought a hog had cut a dog [sic]. Then four or five more shots very fast like automatic & into it I realized the sound change, the last ones sounded more high pitch like high velocity [sic]. I figured someone was hag [sic] hunting. Come into house 8:45 p.m. The direction was north west. The direction Dan Crowder was found the next evening.

(ECF No. 21, Ex. P at 15).

Petitioner alleges his theory of self-defense would have been supported by testimony that McCray heard that a pistol (Dan Crowder's) fired first, and that a rifle (Petitioner's) fired second. But McCray's statement states the opposite—it states he heard a shotgun fired first and an automatic fired second. Petitioner has fallen far short of proffering new reliable evidence of his actual innocence.[4]

### III. CONCLUSION

Petitioner's habeas petition is untimely, and he has failed to show that he qualifies for federal review of his claims through a recognized exception to the time bar. Therefore, Respondent's motion to dismiss should be granted, and Petitioner's habeas petition dismissed as untimely.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing

---

[4] The Eleventh Circuit has not decided whether <u>Schlup</u> permits a claim of actual innocence based on new evidence of a complete affirmative defense that renders the conduct of conviction wholly noncriminal and requires acquittal. *See* <u>Rozzelle v. Sec'y, Fla. Dep't of Corr.</u>, 672 F.3d 1000, 1015 (11th Cir. 2012) (noting that the court was not deciding that issue and holding that "the narrow and extraordinary nature of <u>Schlup</u>'s actual innocence 'gateway' does not extend to petitioners . . . who did the killing and whose alleged 'actual innocence' of a non-capital homicide conviction is premised on being guilty of only a lesser degree of homicide.").

Case No.: 1:17cv233/MW/EMT

required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, 137 S. Ct. 759, 773 (2017) (citing Miller-El, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case No.: 1:17cv233/MW/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 20) be **GRANTED**.

2. That the habeas petition (ECF No. 1) be **DISMISSED as untimely**.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 4th day of February 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**